# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>THOMAS J. FLANNERY,<br>HOLLIE L. FLANNERY,<br><br>Debtors | Chapter 7<br>Case No. 12-31023-HJB |
| JOSEPH B. COLLINS, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant | Adversary Proceeding<br>No. 14-03015-HJB |

**MEMORANDUM OF DECISION**

Before the Court is a motion filed by JPMorgan Chase Bank, N.A. ("Chase") to dismiss the instant adversary proceeding filed against Chase by Joseph B. Collins, the Chapter 7 trustee in the underlying bankruptcy case (the "Motion to Dismiss"; the "Trustee"). The Trustee seeks to avoid a mortgage granted to Chase by Thomas J. and Hollie L. Flannery (the "Debtors"), on the grounds that the mortgage contains an erroneous description of the real property intended to serve as collateral for the underlying obligation. Chase argues that the complaint should be dismissed because certain

1

documents recorded at the Hampden County Registry of Deeds (the "Registry") would have provided constructive notice of the mortgage to a bona fide purchaser – the status that the Trustee adopts under 11 U.S.C. § 544(a).[1]

I.     FACTS AND TRAVEL OF THE CASE[2]

In 1980, the Debtors purchased their residence in Holland, Massachusetts (the "House Lot"). The deed transferring the House Lot to the Debtors (the "House Deed") was duly recorded at the Registry. In 1986, the Debtors acquired the unimproved lot adjacent to the House Lot (the "Side Lot"). The deed transferring the Side Lot to the Debtors (the "Side Lot Deed") was also duly recorded at the Registry.

On June 28, 2012 (the "Petition Date"), the Debtors commenced this case under Chapter 7 of the Bankruptcy Code. At that time, two mortgages affected their real property. This Court has already determined the first mortgage, also held by Chase, to have been a preferential transfer pursuant to § 547(b), and thus avoidable by the Trustee and preserved for the benefit of the bankruptcy estate. See Collins v. JPMorgan Chase Bank, N.A. (In re Flannery), 513 B.R. 1 (Bankr. D. Mass. 2013). Now, in this second adversary proceeding, the Trustee challenges the second mortgage.

The second mortgage was granted by the Debtors in 2005 when they obtained a home equity line of credit ("HELOC"; the "HELOC Mortgage") from Washington Mutual Bank, FA ("Washington Mutual") in the amount of $136,900.00, and was recorded at the

---

[1] See 11 U.S.C. § 101 et seq. (the "Bankruptcy Code" or the "Code"). All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

[2] The facts of this case are without material dispute and are drawn from the parties' pleadings and the docket entries in the underlying Chapter 7 bankruptcy case.

2

Registry. In describing the encumbered property, the HELOC Mortgage refers only to the book and page numbers of the Side Lot Deed. It does not contain a description of the House Lot, nor does it refer to the book and page numbers of the House Deed.

In 2006, the line of credit under the HELOC was increased. To reflect that increase (and the consequent increase in the extent of the HELOC Mortgage lien), the Debtors and Washington Mutual executed a separate document (the "Amendment") referring to both the original HELOC and HELOC Mortgage. Once again, the legal description of the encumbered property recited in the Amendment referenced only the Side Lot Deed.

Subsequently, Chase acquired the assets of Washington Mutual, including the HELOC Mortgage, as amended. In 2012, the Debtors chose to refinance their first mortgage, and Chase executed and recorded a subordination of the HELOC Mortgage in favor of its refinanced first-priority mortgage (the "Subordination Agreement"). In the opening paragraph of the Subordination Agreement, Chase identified itself as the holder of the HELOC Mortgage by reference to the Registry book and page number of the HELOC Mortgage. The Subordination Agreement goes on to describe the HELOC Mortgage as encumbering the premises described in an attached exhibit (the "Subordination Exhibit"). The legal description of the property contained in the Subordination Exhibit, however, differs from the description in the HELOC Mortgage by referencing *both* the House Lot, the Side Lot, and their respective deeds.

The Trustee now contends that, despite the apparent original intent of the parties to encumber both the House and Side Lots, the HELOC Mortgage is avoidable as to the House Lot due to its erroneous property description. Chase disagrees, leading to the

3

instant Motion to Dismiss. And after a hearing on the Motion to Dismiss and the Trustee's opposition thereto, this Court took the matter under advisement.

II.    POSITIONS OF THE PARTIES

In its Motion to Dismiss, Chase contends that the property description contained in the Subordination Exhibit provides constructive notice to any judicial lienholder or bona fide purchaser that the HELOC Mortgage encumbered both lots. Accordingly, Chase claims that the Trustee cannot avoid the HELOC Mortgage under § 544.[3]

The Trustee maintains that the HELOC Mortgage is avoidable as an unperfected lien against the House Lot since it failed to describe the House Lot as the encumbered property. Noting that, under Massachusetts law, the Trustee is only charged with constructive notice of conveyances properly recorded in the appropriate registry of deeds, the Trustee argues that nothing in the chain of title gives constructive notice that the HELOC Mortgage encumbers the House Lot. The Trustee asserts that the Subordination Agreement merely provided notice that two secured parties had an agreement as to who was in the first position with respect to the property; the agreement was not a conveyance or transfer of any interest in property. Accordingly, the Trustee argues that the Motion to Dismiss must be denied.

---

[3] Alternatively, Chase requests that if the Court were to find the HELOC mortgage voidable by the Trustee under § 544(a), the Trustee's remedy should be limited to avoidance of any interest Chase may have in the mortgage and not a monetary judgment. An argument concerning remedies, however, is not ripe for determination at this juncture.

III.    DISCUSSION

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (made applicable here by Federal Rule of Bankruptcy Procedure 7012(b)), "a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs," Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993), to determine whether the plaintiff has alleged "sufficient facts to show that he has a plausible entitlement to relief." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Furthermore, the court "is generally limited to considering 'facts and documents that are part of or incorporated into the complaint.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.2d 315, 321 (1st Cir. 2008)). Therefore, this Court takes the allegations contained in the Trustee's complaint as true and draws all reasonable inferences in the Trustee's favor. Robert v. Household Finance Corp. II (In re Robert), 432 B.R. 464, 469 (Bankr. D. Mass. 2010).

Section 544(a)(3)[4] grants a trustee in bankruptcy the power to avoid a lien to the same extent the lien would be unenforceable against a hypothetical bona fide purchaser

---

[4] Section 544(a)(3) provides, in relevant part:

> (a) The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee* or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> . . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

5

for value under applicable non-bankruptcy law – here, Massachusetts law. Butner v. United States, 440 U.S. 48 (1979); Stern v. Continental Assurance Co. (In re Ryan), 80 B.R. 264 (D. Mass. 1987). Since, pursuant to § 544(a), the Trustee cannot be charged with actual notice, and because Massachusetts does not impose inquiry notice upon bona fide purchasers, see Baldiga v. Golemo (In re Golemo), 494 B.R. 588, 593-94 (Bankr. D. Mass. 2013); Dwyer v. Rockland Trust Company (In re Mammola), 474 B.R. 23, 31 (Bankr. D. Mass. 2012); Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.), 172 B.R. 159, 163 (Bankr. D. Mass. 1994), the only question is whether the state of the record was sufficient on the Petition Date to give constructive notice that the HELOC Mortgage encumbers the House Lot.

"It is settled Massachusetts law that where a mortgage is not timely recorded or contains a defective description so as to not give constructive notice of the mortgage to a bona fide purchaser, the mortgage can be avoided by that purchaser of the property." In re Dupuis, 524 B.R. 1, 4 (Bankr. D. Mass. 2015).[5] As such, the Trustee has alleged facts sufficient to state a plausible claim that the HELOC Mortgage is avoidable as to the House Lot, since both the HELOC Mortgage and the Amendment lack any description of the House Lot as the encumbered property.

Chase insists that the existing record *does* provide constructive notice of its lien on the House Lot, and generally cites to three cases in support. This Court, however, finds that the cases relied on by Chase are easily distinguished from the case *sub judice*.

First, Chase references Agin v. JPMorgan Chase Bank, N.A. (In re Adams), 462 B.R. 1, 5 (Bankr. D. Mass. 2011) for the proposition that a trustee has constructive notice

---

[5] Mass. Gen. Laws 183 § 4.

Case 14-03015    Doc 16    Filed 04/15/15    Entered 04/15/15 11:30:48    Desc Main
Document    Page 7 of 9


as to any information which an examination of instruments in the chain of title would have revealed. There, the trustee was unable to avoid a mortgage where the legal description specifically named one of three lots owned by the debtor while also referencing a deed which had previously conveyed all three lots to the debtor. The incorporation of the deed by reference was held to put the trustee on constructive notice that the mortgage in question encumbered the entire property. In the present case, however, the HELOC Mortgage and the Amendment only reference the Side Lot Deed and provide nothing to alert a third party of a mortgage interest in the House Lot. And, although the Subordination Agreement *did* include the full deed descriptions for both the House Lot and Side Lot, a different or incorrect property description could just as easily have been included as the property description in the Subordination Agreement without effect on the voidability of the HELOC Mortgage. Accordingly, the holding in In re Adams is inapplicable here.

Next, Chase refers the Court to Gresham v. America's Servicing Company, Assignee of Home123 Corporation and Pramco II, LLC, 373 B.R. 914 (Bankr. D. MO 2007). The court in Gresham held that two deeds of trust covering properties with the same street address but only slightly different legal descriptions should have put the Trustee on inquiry notice of the lienholder's interest in the property. Because Massachusetts does not recognize inquiry notice, however, Gresham is distinguishable from the instant case on that basis alone. Additionally, unlike the present case, the chain of title for the debtor's property in Gresham included at least one deed with the correct legal description of the property *as well as* a subordination agreement with the correct

legal description. Here, no mortgage deed encumbers the House Lot and *only* the Subordination Agreement purports to do so.

Finally, Chase cites to <u>Greater Providence Deposit Corporation v. Barnacle</u>, 623 A. 2d 445 (S. Ct. R.I. 1993) which held that a properly recorded assignment of rents containing the legal description of the mortgaged property was sufficient to provide constructive notice to a purchaser. The mortgage in that case, however, included a broad description of the entire condominium association in which the mortgaged condominium was located, and the assignment of rents identified the specific condominium unit. Again, here, the legal description in the HELOC Mortgage and the Amendment references only *one* lot. A bona fide purchaser examining the chain of title would not necessarily be put on notice of the other, unless it was curious about the agreement between the first and second mortgagee as to their respective priority, even though clean title for the purchaser would require that both be paid in full.

Accordingly, the Court is unable to rule, as a matter of law, that the Subordination Agreement provides constructive notice that the HELOC Mortgage encumbers the House Lot.[6]

---

[6] The Court pauses briefly to note that, in its Motion to Dismiss, Chase also argued that the HELOC Mortgage, the Amendment, and the Subordination Agreement impart constructive notice of a lien on the House Lot because the three documents reference the street address of the House Lot. That assertion is easily dispatched. First, the street address referenced on the three documents (10 Pine Tree Drive) does not correspond to the address printed in the margin of the House Deed (2 Pine Tree Drive). Rather, 10 Pine Street Drive only corresponds with the street address attributed to both lots on the Town of Holland Assessor's Records attached to the complaint as Exhibits B and D. At any rate, reference to a street address alone may be insufficient to provide constructive notice of a lien on the property. See <u>Perrino v. BAC Home Loans Servicing (In re Trask)</u>, 462 B.R. 268 (1st Cir. BAP 2011).

8

IV.  CONCLUSION

For all of the foregoing reasons, the Court will DENY the Motion to Dismiss. An order in conformity with this Memorandum shall issue forthwith.

By the Court,

_/s/ Henry J. Boroff_

Dated: April 15, 2015

Henry J. Boroff
United States Bankruptcy Judge